UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIAM ALEXANDER,

                                    Plaintiff,

            -against-

NYPD; DOC; FATHER SMITH; UNKNOWN
UNKNOWN,

                                    Defendants.

22-CV-4610 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On June 9, 2022, the Court received this *pro se* action, purportedly brought by Liam Alexander ("Plaintiff" or "Alexander"). The complaint in this action alleges that Plaintiff was illegally arrested pursuant to a bench warrant issued for "Sean Finnegan." (ECF 2, at 4.) It appears, however, that this action was actually filed by an individual named Sean Matthew Finnegan, who has a long history of filing frivolous and vexatious actions in this court. Due to this litigation history, on February 7, 2022, Finnegan was barred from filing any new action IFP without first obtaining from the court leave to file. *See Finnegan v. Dist. of Columbia Sup. Ct.*, ECF 1:21-CV-10946, 6 (S.D.N.Y. Feb. 7, 2022). For the reasons set forth below, the Court directs Plaintiff to show cause why this action should not be dismissed pursuant to the bar order by filing a declaration, accompanied by documentary evidence, within 30 days showing that this action was actually filed by an individual whose legal name is Liam Alexander.

**DISCUSSION**

The Court believes that Finnegan filed this action under the assumed name of Liam Alexander. First, the address listed in the complaint as belonging to Alexander – 421 8th Avenue, Unit 522 in Manhattan – is the same address Finnegan provides for himself in many of the recent

cases he has filed in this court.[1] *See, e.g.*, *Finnegan v. J.P. Morgan Chase*, ECF 1:21-CV-10954, 2 (S.D.N.Y. Mar. 3, 2022) (complaint listing 421 8th Avenue, Unit 522 as the address for Finnegan); *Finnegan v. Cubesmart*, ECF 1:22-CV-0304, 2 (S.D.N.Y. Feb. 22, 2022) (same); *Finnegan v. Morford*, ECF 1:22-CV-0125, 2 (S.D.N.Y. Feb. 9, 2022) (same); *Finnegan v. Dist. of Columbia Sup. Ct.*, ECF 1:21-CV-10946, 2 (S.D.N.Y. Feb. 7, 2022) (same); *Finnegan v. Uber Technologies, Inc.*, ECF 1:21-CV-1110 (S.D.N.Y. Jan. 31, 2022) (same). Furthermore, the signature and handwriting of Plaintiff bear a close resemblance to the signature and handwriting of Sean Finnegan.

Second, a search of the Public Access to Court Electronic Records (PACER) system shows that Alexander recently filed an action against Servcorp in the Northern District of Illinois. *See Alexander v. Serv Corp.*, No 1:22-CV-2235 (N.D. Ill. filed April 28, 2022).[2] The facts alleged by Alexander in the Illinois action are identical to facts alleged by Finnegan in an action he previously brought against Servcorp in this court. *See Finnegan v. ServeCorp*, ECF 1:22-CV-0629, 3 (S.D.N.Y. Feb. 7, 2022) (dismissing without prejudice claims filed by Finnegan on behalf of "Liquid Events Worldwide").

Finally, Finnegan has a history of filing under alternate names in order to circumvent the bar order. *See, e.g.*, *Liquid Events Worldwide v. Hosteling Int'l*, ECF 1:22-CV-2478, 3 (S.D.N.Y. Apr. 11, 2022) (determining that sole plaintiff Liquid Events Worldwide is an entity purportedly owned by Finnegan, dismissing the complaint pursuant to the February 7, 2022, bar order, and

---

[1] The address provided is the location of the James A. Farley Post Office. "Unit 522" may be a reference to a Post Office box.

[2] The address Alexander provides for himself in the Illinois action – 155 N. Wacker Drive, 42nd Floor, in Chicago – is a "virtual office" space owned by Servcorp.

warning Finnegan that further attempts to circumvent the bar order may result in sanctions);

*Liquid Events Worldwide v. T-Mobile*, ECF 1:22-CV-2351, 4 (S.D.N.Y. Apr. 4, 2022) (same).

The Court therefore directs Plaintiff to show cause that this action was filed by Liam

Alexander, and not by Sean Matthew Finnegan. Within 30 days of the date of this order, Plaintiff

must submit to the court a declaration and other evidence, such as a photocopy of his

identification, showing that he really is Liam Alexander. If Plaintiff fails to submit a declaration

and other evidence within the time directed, or if Plaintiff fails to show that this action was filed

by an individual whose legal name is Liam Alexander, the Court will dismiss the action under the

bar order and without prejudice to any civil action that Liam Alexander may wish to bring in the

future.

## CONCLUSION

The Court directs Plaintiff to show cause why this action should not be dismissed

pursuant to the bar order by filing a declaration or other evidence within 30 days that this action

was filed by Liam Alexander. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 18, 2022
         New York, New York

              /s/ Laura Taylor Swain
                 LAURA TAYLOR SWAIN
              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____                     _____

Name                                        Prison Identification # (if incarcerated)

_____                     _____

Address                  City               State        Zip Code

_____                     _____

Telephone Number (if available)             E-mail Address (if available)