UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIAM ALEXANDER,

                  Plaintiff,

-against-

NYPD; DOC; FATHER SMITH; UNKNOWN UNKNOWN,

                  Defendants.

22-CV-4610 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

On June 9, 2022, the Court received this *pro se* action, purportedly brought by Liam Alexander. The Court determined that the complaint was actually filed by an individual named Sean Matthew Finnegan, who is barred from filing any new action *in forma pauperis* (IFP) in this court without first obtaining from the court leave to file. *See Finnegan v. Dist. of Columbia Sup. Ct.*, ECF 1:21-CV-10946, 6 (S.D.N.Y. Feb. 7, 2022). By order dated July 18, 2022, the Court directed Plaintiff to show cause within 30 days why this action should not be dismissed pursuant to the bar order. (ECF 4.) On August 2, 2022, that order was returned with the notation, "Return to Sender Attempted – Not Known Unable to Forward."[1] Because Plaintiff did not respond to the Court's July 19, 2022, order, and did not provide the Court with a different address, by order dated August 24, 2022, the Court dismissed the action under the bar order without prejudice to any civil action that Liam Alexander may wish to bring in the future. (ECF 5.) Judgment was entered on the same day. (ECF 6.)

---

[1] The order was addressed to Liam Alexander and mailed to 421 8th Avenue, Unit 522, New York, NY 10116, which is the address provided by Plaintiff and the address that has been provided by Sean Matthew Finnegan in his prior cases.

On August 30, 2022, the Court received from Plaintiff a motion for a 60-day extension of time to comply with the Court's July 19, 2022, order (ECF 7), and a motion to compel the New York City Police Department to return Plaintiff's property and to provide the Court with a copy of Plaintiff's identification (ECF 8).[2]

The Court denies Plaintiff's motions in this closed action. Because the action was dismissed without prejudice to any civil action that Liam Alexander may wish to bring, Plaintiff Liam Alexander is free to file a new civil action. If Plaintiff chooses to file a new civil action, he should be prepared to show cause – by filing a declaration, accompanied by documentary evidence – that the action was actually filed by an individual whose legal name is Liam Alexander, and therefore should not be dismissed pursuant to the bar order in *Finnegan*, ECF 1:21-CV-10946, 6.

## CONCLUSION

Plaintiff's motions (ECF 7, 8) are denied. This action remains closed.

The bar order in *Finnegan*, ECF 1:21-CV-10946, 6, remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] The address that Plaintiff provides for himself in his recent motions is the same as the address he provided in the original complaint, and the same address to which the Court mailed its July 18, 2022, order, which was subsequently returned as undeliverable.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 30, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge